IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| TOMMY J. LANGLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-6139-CV-SJ-DW-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Tommy J. Langley seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits and for supplemental security income (SSI) benefits.

Since the complete facts and arguments are presented in the parties' briefs, they will be discussed herein only as necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000)

The review is more than an examination of the record for the existence of substantial

evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). If the Court finds two inconsistent positions present in the evidence, including one matching the Commissioner's findings, the Court must affirm the decision of the Commissioner. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

Analysis

Claimant argues that the ALJ erred in (1) failing to comment on the opinions of the State Agency Medical Consultant; (2) speculating that Claimant's work history may have reduced his incentive to work; and (3) failing to comment on Claimant's adverse side effects to his medication.

State Agency Medical Consultant's Opinion

Claimant is correct in noting that, despite the mandate of the regulations, the ALJ did not specifically discuss the opinion of Dr. Timothy Link. The 8th Circuit, however, has held that a deficiency in opinion writing is an insufficient reason to overturn the ALJ's decision where the deficiency has "no practical effect on the outcome of the case." Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996).

While the ALJ did not explicitly state the weight given to Dr. Link's opinion, it is clear from the record that the ALJ gave it some weight since the ALJ's Residual Functional Capacity ("RFC") determination incorporated many of the restrictions stated by Dr. Link. In fact, the ALJ's RFC was actually more restrictive than Dr. Link's. Finally, despite Claimant's statements otherwise, Dr. Link did not hypothesize that Claimant was not capable of maintaining any job in November of 2004. The doctor instead stated that there was insufficient evidence for an RFC prior to July, 2004, and that Claimant would be capable of returning to work by July, 2005. The ALJ's failure to state the weight given to the treating physician's opinions is without effect and thus not a reason to overturn the opinion.

## Credibility Analysis

The ALJ must give full consideration of the evidence relating to Claimant's subjective complaints. See Polaski v. Heckler, 739 F. 2d 1320 (8th Cir. 1984). Claimant argues that the ALJ did not fulfill this duty by: (1) speculating that Claimant's work history may have reduced his incentive to work and (2) failing to comment on Claimant's adverse side effects to his medication.

In his opinion, the ALJ noted that Claimant's motivation to work may have been impacted by his prior work history and outstanding child-support issues. Credibility judgments are the provence of the ALJ. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004). Given that the 8th Circuit has upheld the use of work history and motivation to work in assessing Claimant's credibility, this Court will not second-guess the ALJ's determination. Id.

As to the second criticism, that the ALJ did not consider the medications' side effects, the ALJ need not specifically discuss each Polaski factor. Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005). Further, the ALJ did note that Claimant stated that she suffered side effects to her

medication, including "drowsiness, confusion and constipation." Given that the ALJ otherwise undertook a thorough credibility analysis, considering claimant's daily activities and contradictions in the record, the Court finds the ALJ's failure to thoroughly evaluate the side effects harmless.

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

Date:   November 6, 2007                             /s/ Dean Whipple
                                                               Dean Whipple
                                         United States District Judge